*776 OPINION.
Smith :
1. Petitioner claims the right to deduct from gross income in its tax returns the amounts paid to Herbert E. Benjamin as trustee of the Second National Bank of Hoboken, N. J., to be applied on the indebtedness to that bank of Ferdinand Wildermann and Fritz Wildermann. It is claimed that these amounts represent additional compensation to the officers of the corporation and as such are deductible from gross income as ordinary and necessary expenses. The evidence is to the effect that Fritz Wildermann, president of the corporation, reported in his individual income-tax returns the amounts *777 paid on his behalf by the corporation to the bank. He testified as follows:
Q. And were these amounts that were paid by you, by the company, rather, the $115 a week disbursed by Mr. Benjamin for the purpose of paying the insurance premiums and interest on your individual indebtedness and en account of principal?
A. Yes, sir.
Q. They were?
A. Yes.
Q. The amounts that were paid for the account of your indebtedness to the bank which were paid by Mr. Benjamin, were they reported by you in your income tax returns during these years?
A. They were.
Q. Every year in your individual return?
A. Yes, everything that Mr. Benjamin paid for my loan or insurance premium, I included as'regular income in my income-tax returns.
There is no evidence that Fritz Wildermann returned in his income-tax returns the amounts paid to Benjamin on his behalf. And if they were it does not appear that they would be deductible from gross income in the corporation’s tax returns for the reason that Ferdinand Wildermann rendered no services to the corporation during the taxable years and we can not consider that the amounts paid to Benjamin as trustee were ordinary and necessary expenses. We are, therefore, of the opinion that the only amounts paid to Benjamin as trustee which are deductible from gross income for the fiscal years ended June 80, 1920, and June 30, 1921, are $2,177.88 and $1,952.91, respectively, which constituted additional compensation paid to Fritz Wildermann.
In the determination of the deficiencies the respondent permitted the corporation to deduct from gross income in its return for the fiscal year ended June 30, 1920, $2,000 as salary for Herbert E. Benjamin, vice president of the corporation. The evidence discloses that the only amount paid to him as salary during such fiscal year was $500. The motion of the respondent to disallow the deduction of $1,500 of the amount allowed by the respondent in determining the deficiency is allowed.
2. The evidence shows that the petitioner paid during each of the taxable years $1,200 as a pension to its retired president. The payments were made pursuant to a resolution of the board of directors of the corporation in 1912. The amounts are clearly allowable as deductions from gross income as ordinary and necessary expenses.
3. The respondent disallowed $40,000 claimed as the value of good will acquired by the corporation from Charles Wildermann, the vendor of the business. The facts appear to be that Wildermann turned over his business, consisting of tangibles of $105,764.97 and *778 good will and intangibles of an estimated value of $40,000 for $100,000 cash and promissory notes of $45,764.97. The predecessor business appears to have been profitable. Charles Wildermann had accumulated a considerable fortune from the conduct of the business and he had persuaded a number of individuals to purchase stock in the corporation at par upon the basis that the good will had a cash value of $40,000 at the date acquired by the corporation. We are satisfied by the evidence that the Commissioner was in error in disallowing any amount from invested capital for good will. It was acquired for $40,000 cash. The notes given therefor were paid prior to the taxable years in the amount of $40,000, representing good will, and the $40,000 should therefore be included in invested capital.
Judgment will be entered, on 16 days’ notice, under Rule 60.
Considered by Littleton and Love.